The document below is hereby signed.

Signed: January 18, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LORI ANNE OLSON, | ) | Case No. 12-00016 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING TRUSTEE'S MOTION TO MODIFY PLAN AND
<u>DIRECTING DEBTOR TO SHOW CAUSE WHY CASE OUGHT NOT BE DISMISSED</u>

The debtor's confirmed plan provides for full payment of allowed claims dealt with by the plan, but by reason of an amended claim of one creditor, her monthly payments would not result in full payment of those claims. Her current income and expenditures are such that she cannot afford to pay the monthly amount necessary to assure payment in full of all claims within the maximum 60-month period. Accordingly, the trustee's motion to modify the plan to increase plan payments such as to complete plan payments within that maximum period is not feasible and the motion must be denied.

The debtor has proposed to modify the plan to a variable rate plan that *is* feasible, but the trustee asserts that the

proposed modified plan fails to call for payments equal to her net disposable income under 11 U.S.C. § 1325(b)(3), calculated based on permissible expense amounts allowed for an above-median income debtor pursuant to subparagraphs (A) and (B) of 11 U.S.C. § 707(b)(2), part of the so-called "means test" of chapter 7. The expense amounts identified by the trustee as not permissible expenses under the means test applicable to calculate net disposable income include (but are not necessarily limited to) the portion of her rent that exceeds the amount allowable under the means test, and a $650 dog care expense (for medical treatment of two sick dogs).

The debtor's amended Form B22C line 57 lists her $650 dog care expenses as a deduction for special circumstances under § 707(b)(2)(B), but the means test already includes an allowance for miscellaneous expenses based on national standards.  As implemented by Official Form B22C, Line 24A, the means test allows an expense amount fixed pursuant to Internal Revenue Service National Standards for "food, apparel and services, housekeeping supplies, personal care, and miscellaneous."  That a debtor's *actual* expenses for that category of expenses exceed the national standard is not in and of itself a special circumstance justifying departing from the national standard.  So a debtor who spends more than the national standard on that category of expenses because of the cost of his hobby of attending operas

every week cannot claim that the high cost of attending operas is a special circumstance.  So, too, a debtor who spends more on that category of expenses because of the high cost of pet care cannot claim that, for that reason, the high cost is a special circumstance.

Section 707(b)(2)(B)(i) allows an adjustment for an expense as a special circumstance only if it is an expense "for which there is no reasonable alternative."  For example, an allowance may be made for an expense relating to "a serious medical condition . . . that [justifies] additional expenses or adjustments of current monthly income for which there is no reasonable alternative."  There is no suggestion, however, that this exception for "serious medical condition" applies to pets as opposed to the debtor or a dependent of the debtor.  There is nothing unusual, either inside or outside of bankruptcy, about owning a pet whose medical expenses reach the point that the owner can no longer afford to incur the pet care costs, and is forced to give up the pet or otherwise cease incurring the expense.

The national standard expense allowance for "food, apparel and services, housekeeping supplies, personal care, and miscellaneous" sets a reasonable level of spending on that category of expenses.  When pet expenses hit extraordinary levels, the debtor may have to give up the pet in order to stay

within the reasonable level of expenses allowed § 707(b)(3)(A) and (B), but that is a "reasonable alternative" within the meaning of § 707(b)(2)(B)(i).  Creditors take preference over pets when pet costs reach the level that they unreasonably diminish the amount paid to creditors in the case.  So it is highly unlikely that the debtor will be able to demonstrate that she is entitled to take the $650 expense as a "special circumstances" deduction.  Accordingly, it appears that the debtor's proposed variable rate plan would not be confirmable.

It is, of course, possible that the debtor could reduce expenses, thus enabling her to be able to make the minimum payment that the trustee asserts is dictated by the net disposable income test, and thereby propose a plan that is both feasible and consonant with the net disposable income test.  For example, she could move to a cheaper apartment and give up the dogs to an animal shelter, thus making it feasible for her to pay the amount that the trustee asserts is the net disposable income required to be paid by a plan.  But she has not taken those steps at this juncture.

There was a motion for relief from the automatic stay in this case, and any voluntary dismissal would be with prejudice under 11 U.S.C. § 109(g)(2).  It is thus

ORDERED that the trustee's motion to modify the plan is DENIED.  It is further

4

ORDERED that by February 4, 2013, the debtor show cause why this case ought not be dismissed with prejudice for 180 days, and that if the debtor files a timely memorandum in response to this order to show cause, a hearing on the same will be held on February 22, 2013, at 11:00 a.m., with the debtor to provide to the trustee prior to the hearing the most recent pay stub she has received, her Form W-2 for the year 2012, and any income tax return she has filed for 2012.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification.